### UNITED STATES ex rel. CARROLL ELECTRIC CO. v. McCARL, Comptroller General.

(Court of Appeals of District of Columbia. Submitted October 5, 1925. Decided November 2, 1925. Petition for Rehearing Denied November 14, 1925.)

No. 4313.

Mandamus ⬡⟞3(4)—Writ will not lie to compel Comptroller General to pay allowed claim, in view of claimant's remedy at law.

In view of claimant's remedy at law by suit in Court of Claims or federal District Court, mandamus will not lie to compel Comptroller General to pay a previously allowed claim of corporation, payment of which was withheld on ground that corporation was identical with its predecessor, a corpartnership, and that government was entitled to set off claim for overpayment which it had against copartnership.

Appeal from Supreme Court of District of Columbia.

Suit for mandamus by the United States, on the relation of the Carroll Electric Company, against J. R. McCarl, Comptroller General of the United States. From a judgment denying the writ, relator appeals. Affirmed.

J. S. Easby-Smith and D. A. Pine, both of Washington, D. C., for appellant.

Peyton Gordon and R. L. Golze, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. The Carroll Electric Company, a corporation, relator below, appeals from a judgment of the Supreme Court of the District of Columbia, denying a writ of mandamus against J. R. McCarl, in his official capacity as Comptroller General of the United States, requiring him to transmit or cause to be transmitted to appellant corporation a check of the United States Treasurer for $4,052.30, and to cancel his indorsement across his settlement certificate, which operates to prevent the issuance of the check.

The amount of this check was found to be due relator corporation for electrical machinery furnished under a contract with the government. After the allowance of the claim and notice thereof to relator, respondent notified relator that a warrant for the amount named would be issued in favor of the Treasurer of the United States, for deposit to the credit of a naval appropriation of 1918, for the purpose of setting off the same against an overpayment made by the United States to the Carroll Electric Company under a previous contract between the company and the United States.

The contract upon which overpayment is claimed was with a copartnership trading under the firm name of Carroll Electric Company, while the contract for which the claim in question is made was with the Carroll Electric Company, a corporation. It is contended by the relator that the corporation and copartnership are two separate and distinct entities, while respondent insists that, inasmuch as the principal stockholders of the corporation were the members of the former copartnership, and the copartnership was taken over by the corporation, they may be treated for the purpose of this settlement as a single entity, and that it is clearly within the jurisdiction of the Comptroller to claim a set-off against the balance found due from the copartnership.

It is unnecessary for us to consider the issues raised at bar, since it is clear that relator has an adequate remedy at law, by suit in the Court of Claims, or the proper District Court of the United States, where all the issues here presented can be tried and adjudicated. There are issues of fact and questions of law here involved, calling for the exercise of discretion by the Comptroller General, which cannot be tried out and determined, or even reviewed, on an application for a writ of mandamus. "It will not do to say that the result of the proceeding by mandamus would show the title of the relator to his pay, the amount, and whether there were any moneys in the treasury applicable to the demand; for, upon this ground, any creditor of the government would be enabled to enforce his claim against it, through the head of the proper department, by means of this writ, and the proceeding by mandamus would become as common, in the enforcement of demands upon the government, as the action of assumpsit to enforce like demands against individuals." Brashear v. Mason, 6 How. 92, 12 L. Ed. 357.

This is not a case involving the payment of a salary, where the office has been created by Congress and a specified amount appropriated for the salary. In such a case no accounting is necessary; only the ministerial act of payment from the Treasury. Here we have a contract between a private corporation and the government, involving the determination of issues of law and fact, a duty confided by law to the accounting officers. In case of a controversy as to the amount due,

the right of set-off or counterclaim, the merging of a partnership into a corporation, as in this case, a right of action is provided for the dissatisfied party in the Court of Claims, on which is specially conferred jurisdiction of claims arising on contracts with the government, either express or implied. To review this case in the present proceeding would be equivalent to converting the writ of mandamus into a writ of error, which cannot be done.

The judgment is affirmed, with costs.