**UNITED STATES ex rel. L. MARGULIES & SONS, Inc., v. McCARL, Comptroller General.**

(Court of Appeals of District of Columbia. Submitted January 7, 1926. Decided February 1, 1926. Rehearing Denied February 27, 1926.)

No. 4396.

Mandamus ⬤══102(1) — Court of Appeals of District of Columbia will not control by mandamus exercise of judgment and discretion of Comptroller General, so as to compel issuance of voucher.

Court of Appeals of the District of Columbia will not control by mandamus the exercise of the judgment and discretion of the Comptroller General, so as to compel the issuance of a voucher denied by him after hearing on the claim.

Appeal from Supreme Court of District of Columbia.

Mandamus by the United States, on the relation of L. Margulies & Sons, Inc., against J. Raymond McCarl, Comptroller General of the United States, to compel him to issue and deliver a voucher to petitioner. From a judgment dismissing the petition, petitioner appeals. Affirmed.

R. M. Hudson, of Washington, D. C., for appellant.

Peyton Gordon and O. R. McGuire, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and GRAHAM, Presiding Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. Appeal from a judgment in the Supreme Court of the District of Columbia, dismissing appellant's petition for a writ of mandamus to compel the appellee, as Comptroller General of the United States, to issue and deliver to appellant a voucher for $27,428.03, and to pay that amount to it.

The theory upon which the petition is based is that appellant was denied a hearing by the Comptroller General. In his answer that official avers that he not only granted a hearing, but "gave full consideration to all facts submitted, and by decision dated November 1, 1923, * * * found and determined that there was a balance due the United States from the petitioner in the sum of $7,117.92." The decision, copy of which is attached to the answer, discloses that the averment by the Comptroller General was fully justified. The answer further avers that appellant requested reconsideration of the decision, and that by a communication dated November 21, 1924, appellant was advised that there appeared no reason for reaching a different conclusion. It appears from this communication, copy of which also is attached to the answer, that prior to its date an oral hearing had been granted appellant's counsel.

A traverse was interposed to the answer, in which it was averred in effect that the Comptroller General, in deciding the issues submitted to him, gave too great weight and effect to certain findings of fact by the War Department.

[1, 2] In the first place, this court is without jurisdiction to control by mandamus the exercise of the judgment and discretion of the Comptroller General, as would be the effect, under the facts of this case, of a direction to him to issue a voucher for the amount named. Had the Comptroller General refused to grant appellant a hearing, resort to mandamus would have been proper. It is clear, however, that such a hearing was granted, and the contention that too great effect was accorded findings of fact by the War Department amounts to nothing more than a contention that the Comptroller General erred in his judgment. That mandamus does not lie in such a situation is familiar law. See United States ex rel. Carroll Electric Co. v. McCarl, 8 F.(2d) 910, —— App. D. C. ——; Work v. Rives, 45 S. Ct. 252, 267 U. S. 175, 69 L. Ed. 561.

The judgment is affirmed, with costs.

Affirmed.